IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ubong Christopher Ubokudom, | C/A No. 3:25-cv-2393-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| The Blackstone Group Inc., | |
| Defendant. | |

Plaintiff Ubong Christopher Ubokudom ("Plaintiff") brings this civil action against the Blackstone Group, Inc. [ECF No. 31.] This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 37.] In the Report, the magistrate judge recommends summarily dismissing this matter because it is factually frivolous. *Id.* at 4–6. The magistrate judge further recommends denying Plaintiff's emergency motions for temporary restraining orders, ECF Nos. 5, 9, 13. [ECF No. 37 at 6.] Plaintiff was advised of his right to file objections to the Report, and he has done so.[1] [ECF No. 41.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

---

[1] The court also received a letter from Plaintiff on May 21, 2025, where he asks this court to grant the temporary restraining orders he has requested. [ECF No. 44.]

1

(citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report summarizes the relevant facts and standards of law, and the court incorporates that discussion without a full recitation here. Briefly, Plaintiff alleges the Blackstone Group, Inc. ("Blackstone"), a New York-based investment management company, has surveilled him for

years and conspired with other private companies to prevent his employment, place toxic products in stores where he shops, and otherwise interfere with his daily life. [ECF No. 31.] The magistrate judge recommends summary dismissal because these allegations are factually frivolous. [ECF No. 37.] It is well established that a court may dismiss a claim as factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts to contradict them."). The court agrees with the magistrate judge's assessment and finds Plaintiff's allegations to meet this standard. Plaintiff objects.[2]

He argues his claims of surveillance and harassment are not improbable nor far-fetched, citing historical instances of government surveillance such as the monitoring of Dr. Martin Luther King, Jr., blacklisting during the McCarthy era, and alleged government cooperation with organized crime during World War II. [ECF No. 41 at 3.] While these references may reflect actual historical events, they do not lend plausibility to Plaintiff's claims concerning a private corporation's alleged surveillance and targeting of him. *See Leon v. Fed. Bureau of Investigation*, Civil Action No. 3:22-CV-24 (GROH), 2022 WL 1681658, at *4–5 (N.D.W. Va. Apr. 26, 2022) (collecting cases dismissing claims of government surveillance as frivolous); *Marshall v. Greene*, Civil Action No. 3:10CV-224-H, 2010 WL 1959514, at *3 (W.D. Ky. May 17, 2010) (dismissing as frivolous claims of conspiracy related to stalking by federal and state officials); *Newby v.*

---

[2] This case is one of many cases Plaintiff has filed. *See Ubokudom v. Dolgen Corp.*, 3:25-cv-3120-JFA-PJG; *Ubokudom v. U.S. Government*, 3:25-cv-3203-SAL-PJG; *Ubokudom v. Target*, 3:25-cv-3249-SAL-PJG; *Ubokudom v. Walmart*, 3:25-cv-3431-SAL-PJG. This court has summarily dismissed the case against the United States because it is factually frivolous. Plaintiff presented largely similar objections in that case.

*Obama*, 681 F. Supp. 2d 53, 56 (D.C. Cir. 2010) (explaining "claims relating to alleged government surveillance and harassment are the sort of 'bizarre conspiracy theory' that warrant dismissal" and dismissing the complaint as frivolous); *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (finding claims of government surveillance to be "flimsier than doubtful or questionable—essentially fictitious" (internal citation omitted)).

The fact that Plaintiff names a private corporation rather than the government does not insulate his claims from a finding of frivolousness. *See Holland v. CEO Countrywide Home Loans, Inc.*, Case No. 2:14-CV-5-TLS-PRC, 2014 WL 2617145 (N.D. Ind. June 12, 2014) ("Plaintiff's allegations about a vast conspiracy are 'fantastic' and 'delusional,' warranting dismissal of the Complaint as frivolous."). The court notes Plaintiff's filings are respectful and sincere. However, sincerity does not overcome the requirement of factual plausibility. The court overrules Plaintiff's objections and concurs with the magistrate judge's conclusion that the complaint must be dismissed for lack of subject matter jurisdiction due to its frivolous nature. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[B]ecause a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.").

For these same reasons, the court also adopts the magistrate judge's recommendation to deny Plaintiff's motions for temporary restraining orders, ECF Nos. 5, 9, 13.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 37, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's emergency motions for temporary restraining orders, ECF Nos. 5, 9, 13, are also **DENIED**.

**IT IS SO ORDERED.**

June 3, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge